IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DION T. DIAMOND                :
                               :
     v.                        :   Civil Action No. DKC 11-0907
                               :
CHASE BANK, et al.             :
                               :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this consumer lending case is a motion to dismiss filed by Defendants JPMorgan Chase Bank, N.A., and Deutsche Bank National Trust Company. (ECF No. 4). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendants' motion will be granted in part.

**I. Background**

Plaintiff Dion T. Diamond, proceeding *pro se*, commenced this action on April 7, 2011, by filing a complaint seeking declaratory relief related to Defendants' alleged violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement and Procedures Act ("RESPA"), and/or the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 1). Although the complaint is lacking in detail – Plaintiff asserts that it is "sufficient to plead that TILA has been violated" and "[s]pecific violations

1

do not necessarily have to be alleged with particularity" (*id*. at ¶ 6) – it appears to relate to a deed of trust executed by Plaintiff and his spouse, Sharon L. Diamond, on September 21, 2005, which secured a mortgage in the amount of $183,000 related to their purchase of a home in Riverdale, Maryland. (ECF No. 4-2).[1]

The complaint recites that, at some unspecified time, Plaintiff learned through "news reports" that "large financial institutions were blatantly breaking the law" by "not giving proper disclosures, forging document[s], creating false documents for submission to the courts and falsifying incomes and other information from applicants." (ECF No. 1 ¶¶ 8, 9). These reports "triggered" Plaintiff "to investigate to be sure that [he] was not a victim of such practices." (*Id*. at ¶ 9). He subsequently "found through review of a preliminary forensic audit . . . of the loan documents that various violations of the Truth [i]n Lending Act exist." (*Id*. at ¶ 5).

On October 23, 2010, upon learning of the alleged TILA violations, Plaintiff sent Defendants – who are apparently

---

[1] "[C]ourts may consider a document that a defendant attaches to its motion to dismiss if the document 'was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity.'" *CACI Int'l, Inc. v. St. Paul Fire and Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009) (internal marks omitted) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 214 (4th Cir. 2004)).

either lenders or servicers of the underlying loan – a "Qualified Written Request, Demand for Validation of the alleged debt (per FDCPA) and Demand for audits of the entire account." (*Id*. at ¶ 11). Approximately one month later, he sent a "Notice . . . of Right [t]o Cancel," and, on April 2, 2011, he sent a "Qualified Written Request with Right to Cancel to the defendants['] Resident Agents in the state of Maryland." (*Id*.). Defendant Chase Bank allegedly responded by sending Plaintiff "a packet with copies of all [his] closing documents," stating that "any information not included in [the packet] is unavailable or considered proprietary, and will not be provided." (*Id*. at ¶ 13).

Plaintiff alleges that Defendants' response to his various requests was "deficient" and violated RESPA and/or FDCPA. (*Id*.). He further contends that Defendants have not complied with their obligations under TILA, specifically 15 U.S.C. § 1635(b), and its implementing regulations, 12 C.F.R. § 226.1, *et seq*. ("Regulation Z"), upon receipt of his notice attempting to exercise his right of rescission. As declaratory relief, Plaintiff seeks a judgment that "any claims/security interest . . . the Defendants . . . purport[] to hold . . . is void/extinguished as a result of violations in TILA/RESPA/REG Z and rescission is therefore enforced." (*Id*. at 8). He also seeks "a declaration that the title to the subject property is

3

vested in Plaintiff alone and that Defendant(s) herein . . . be declared to have no estate, right, title or interest in the subject property and that . . . [they] be forever enjoined from asserting any estate, right, title or interest in the subject property." (*Id*. at 10).

On May 23, 2011, Defendants jointly moved to dismiss for failure to state a claim, arguing that "whatever right of rescission Plaintiff may have had expired on September 21, 2008, and the instant lawsuit is time-barred." (ECF No. 4-1, at 1). The following day, the Clerk sent a letter to Plaintiff advising that a potentially dispositive motion had been filed which required his response within seventeen days. (ECF No. 5). Despite the Clerk's warning that his failure to respond could result in dismissal of the case without further notice, Plaintiff failed to respond.

**II. Standard of Review**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir.

1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, the court need not accept unsupported legal allegations. *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Nor must it agree with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1950 (2009), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

Defendants have moved to dismiss on limitations grounds. The statute of limitations is an affirmative defense that a party typically must raise in a pleading under Fed.R.Civ.P. 8(c) and is not usually an appropriate ground for dismissal. *See Eniola v. Leasecomm Corp.*, 214 F.Supp.2d 520, 525 (D.Md. 2002); *Gray v. Metts*, 203 F.Supp.2d 426, 428 (D.Md. 2002). Nevertheless, dismissal is proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996); *see also Rice v. PNC Bank, N.A.*, No. PJM 10-07, 2010 WL 1711496, at *3 (D.Md. Apr. 26, 2010) (dismissing TILA claims on motion to dismiss as untimely). Here, the deed of trust is integral to Plaintiff's complaint – indeed, he seeks rescission of it – and Plaintiff has not

5

challenged the authenticity of the instrument attached to Defendants' motion papers. Thus, the court may consider the deed of trust, without converting Defendants' motion to one for summary judgment, even though the complaint itself does not specifically mention it. *See generally Fare Deals Ltd. v. World Choice Travel.Com, Inc.*, 180 F.Supp.2d 678, 683 (D.Md. 2001) (if the "bare allegations of the complaint" conflict with exhibits or other properly considered documents, then "the exhibits or documents prevail"); *see also RaceRedi Motorsports, LLC v. Dart Mach., Ltd.*, 640 F.Supp.2d 660, 664 (D.Md. 2009). In considering the deed of trust along with the allegations in Plaintiff's complaint, the merit of the defense is apparent.

**III. Analysis**

While Plaintiff alludes to violations of RESPA and/or FDCPA, he does not seek relief with respect to those alleged violations, nor could he state a claim for the relief sought under those provisions. *See Barret v. Am. Partners Bank*, No. AW-08-0319, 2009 WL 2366282, at *6 (D.Md. July 28, 2009) (no right to rescission under RESPA); *Scott v. Wells Fargo Home Mortg., Inc.*, 326 F.Supp.2d 709, 718 (E.D.Va. 2003) ("the law is well-settled . . . that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA") (emphasis removed).

The crux of the complaint relates to alleged TILA violations, particularly, Defendants' alleged failure to recognize Plaintiff's right of rescission, which he purportedly exercised in or around November 2010 by sending Defendants a "Notice . . . of Right [t]o Cancel." He now asks for a declaration that his rescission was effective – and, as a result, that Defendants' "claims/security interest" in the property is "void/extinguished" – and that "the title to the subject property is vested in Plaintiff alone."

Plaintiff's underlying claim rests upon the notion that "the security interest, promissory note or lien . . . on the property becomes automatically void upon mailing of the Notice of the Right to Cancel." (ECF No. 1 ¶ 19). This notion is incorrect. It is true that the borrower initiates the rescission process by sending a notice to his lender, 15 U.S.C. § 1635(b), but "unilateral notification of cancellation does not automatically void the loan contract." *Am. Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007); *accord Ray v. Citifinancial, Inc.*, 228 F.Supp.2d 664, 667 (D.Md. 2002) ("Within the meaning of [TILA], 'rescission' does not mean an annulment that is definitively accomplished by unilateral pronouncement."). If that were the case, borrowers could reduce their lenders to unsecured creditor status by asserting even baseless TILA violations. *Shelton*, 486 F.3d at 821. Instead,

the security interest is voided only when the lender "acknowledges that the right of rescission is available, or because the appropriate decision maker has so determined." *Id*. (quotation marks omitted). Absent one of these two events, "the right of rescission lies dormant." *DeCosta v. U.S. Bancorp.*, No. DKC 10-0301, 2010 WL 3824334, at *5 (D.Md. Sept. 27, 2010).

Moreover, a borrower's right of rescission is subject to certain limitations. A borrower may rescind anytime within three days of the loan closing. *See* 15 U.S.C. § 1635(a). A borrower may also rescind if the lender fails to provide him or her with certain required disclosures. If that happens, the borrower may rescind the transaction anytime within three days of the date the disclosures are finally made. *Id*. If the required disclosures are never made, or if they are deficient in some respect, the right of rescission "expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first," absent certain exceptions not applicable here. 15 U.S.C. § 1635(f); *see also* 12 C.F.R. § 226.23(a)(3).

Because Plaintiff has not specified the nature of Defendants' alleged TILA violations, it is unknown whether his right of rescission expired within three days or three years of consummation of the underlying loan. Nevertheless, it is clear that Plaintiff failed to exercise that right within three years.

The deed of trust was executed on September 21, 2005. According to Plaintiff, he did not send his "Notice . . . of Right [t]o Cancel" until November 2010, at the earliest. (ECF No. 1 ¶ 11). Thus, Plaintiff's attempted rescission was not valid and Defendants' obligations upon receipt of a valid request were never triggered.

Indeed, Plaintiff appears to be aware of a potential issue as to the timeliness of his exercise of the right insofar as he argues that "[e]quitable tolling [applies] to the three year period of rescission" because he "could not have discovered . . . [Defendants'] concealed acts" before he did. (ECF No. 1 ¶ 10). This argument fails to consider that § 1635(f), the TILA section that prescribes the relevant time limit, "is a statute of repose and not a statute of limitation." *Jones v. Saxon Mortg., Inc.*, 537 F.3d 320, 326 (4th Cir. 1998). "[A] statute of repose creates a substantive right in those protected to be free from liability after a legislatively-determined period of time." *Id*. at 327 (citing *First United Methodist Church of Hyattsville v. U.S. Gypsum Co.*, 882 F.2d 862, 865 (4th Cir. 1989)). Thus, § 1635(f) prescribes "an absolute time limit" and "the time period stated therein is typically not tolled for any reason." *Jones*, 537 F.3d at 327; *see also Beach v. Ocwen Federal Bank*, 523 U.S. 410, 417 (1998) (§ 1635(f) "talks not of a suit's commencement but of a right's duration, which it addresses in terms so

9

straightforward as to render any limitation on the time for seeking a remedy superfluous").

To the extent Plaintiff's request for a declaratory judgment is actually an attempt to rescind his mortgage through this action, he is simply too late. In that regard, he has failed to state a claim and his claim is subject to dismissal under Rule 12(b)(6).

Insofar as this truly is a declaratory judgment action, however, Plaintiff has not failed to state a claim merely because his position lacks merit. He has presented an appropriate request to determine the rights of the parties, and the fact that he will ultimately be unsuccessful is irrelevant:

> Where a bill of complaint shows a subject matter that is within the contemplation of the relief afforded by the declaratory decree statute, and it states sufficient facts to show the existence of the subject matter and the dispute with reference thereto, upon which the court may exercise its declaratory power, it is immaterial that the ultimate ruling may be unfavorable to the plaintiff. The test of the sufficiency of the bill is not whether it shows that the plaintiff is entitled to the declaration of rights or interest in accordance with his theory, but whether he is entitled to a declaration at all; so, even though the plaintiff may be on the losing side of the dispute, if he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory decree.

*Charter Oak Fire Ins. Co. v. Am. Capital, Ltd.*, No. DKC 09-0100, 2011 WL 856374, at *18 (D.Md. Mar. 9, 2011) (quotation marks omitted); *see also*, *e.g.*, 22A Am.Jur.2d *Declaratory Judgments* § 232 (2011 supp.) (in the context of a motion to dismiss a declaratory judgment action, it is irrelevant "whether the plaintiff is entitled to a favorable declaration"; a motion to dismiss cannot be granted "simply because the plaintiff may not be able to prevail").

It may be proper, under these circumstances, for a court to construe a motion to dismiss as a motion for a declaration in favor of the non-moving party. *See McKinsey & Co., Inc. v. Olympia & York 245 Park Ave. Co.*, 433 N.Y.S.2d 802, 802 (N.Y. App. Div. 1980) ("In the absence of a holding that a dispute is not ripe for adjudication, a court should not dismiss the complaint in a declaratory judgment action, but should declare the parties' rights.").

Taking as true the well-pleaded allegations contained in the complaint, and considering the deed of trust upon which the complaint relies, it is apparent that (1) Plaintiff's attempted rescission in November 2010 was not valid because his right of rescission expired no later than September 21, 2008, and (2) any security interest held by Defendants in the subject property was not affected by Plaintiff's attempt to rescind and Defendants are not enjoined from asserting any right, title, or interest

that they may have in the subject property.  A declaratory judgment to that effect will be entered in favor of Defendants.

**IV. Conclusion**

For the foregoing reasons, Defendants' motion to dismiss will be granted in part and a declaratory judgment will be entered in favor of Defendants.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge